ANSTEAD, Judge,
concurring specially.
I agree with Judge Birken that the circumstances of this case, especially the gross disparity in income after a long term marriage, require reversal. I write separately only to comment on one possible solution.
First, the gross disparity in income that I noted is reflected in the fact that the husband was earning close to $50,000 annually at the time of dissolution, and had been doing so for sometime. Most of this income was from his job as a fireman; the balance was from a construction business with his brother. The wife had never worked full-time during the marriage and never earned more than $5,000 in a single year. She did have 2 1½ years of college, a real estate agent’s license, and a part-time business called “Kid-sercise”. The husband was also ordered to pay child support. However, that obligation will end shortly when the remaining minor child of the parties turns 18 and graduates from high school.
The husband attempts to support the trial court’s decision, which he concedes is “low,” by characterizing the wife as “lazy” and capable of earning much more than the husband. To the husband, the solution is simple: simply project the wife’s part-time earnings to what they would have been if she had worked full-time. The problem is that there was no evidence presented below that this work was available to the wife on a full-time basis.
The wife did, however, present substantial evidence that she could complete her college education over the next two years and thereafter substantially support herself as a teacher. Based on this, I believe one of the realistic alternatives open to the court on remand is to direct the payment of rehabilitative alimony for the next two or three years as a supplement to the permanent alimony award. In the long run this will benefit the husband by keeping the alimony “low,” and benefit the wife by making her self-supporting.